# EXHIBIT A

Attachment

U.S. Small Business Administration

## AUTHORIZATION
### (SBA Express / Export Express Loan)

SBA Loan# ▓▓▓▓50-04
U.S. Small Business Administration
**Little Rock Commercial Loan Servicing Center**  2120 Riverfront Drive
Little Rock, AR 72202

Lender:
**Wells Fargo Bank, N.A. 121 Park Center Plaza 6th Floor**
San Jose, CA 95113

Lender is issuing this SBA Express or Export Express Loan Authorization for SBA to guarantee **50 Percent** of a loan in the amount of $10,000 to be made by Lender to assist:

Borrower:

**DIVERSIFIED BUSINESS GROUP LLC
6907 MT HOLLY HNTRSVL RD
CHARLOTTE, NC 28216-8694**

Lender must have a valid SBA Loan Guarantee Agreement (SBA Form 750 and 750B for short term loans, if applicable), and a valid SBA Express Supplemental Loan Guaranty Agreement (SBA Form 2424) or Export Express Supplemental Loan Guaranty Agreement (SBA Form 2426) (depending on the type of loan).

Lender's issuance is in accordance with the SBA Express Supplemental Loan Guaranty Agreement between Lender and SBA for an SBA Express Loan, or the SBA Export Express Supplemental Loan Guaranty Agreement between Lender and SBA for an Export Express Loan.

Lender must comply with all SBA Loan Program Requirements, as defined in 13 CFR 120.10, all of which may be amended from time to time.

This Authorization is subject to the application (including SBA Form 1919) submitted by Borrower to the Lender, the Lender's representations to SBA, and the following terms and conditions:

1. Lender must make first disbursement of the loan no later than **6 months**, and complete disbursement no later than **12 months**, from the date of this Authorization. For a revolving line of credit loan, Lender must make no disbursement of this loan beyond the maturity date.

2. The GUARANTEE FEE IS:    $0.00
Lender must pay the guarantee fee within 90 days of the approval date of this Authorization. Failure to timely pay the guarantee fee will result in cancellation of the SBA guarantee. The 90-day deadline may not be extended. Lenders are required to make their payments electronically. Payment can be made at www.pay.gov or by ACH if they have previously enrolled with the SBA.

PAGE 2 of 3                                                                                                   EXPIRES:

SBA Form 1353.3 (4-93) MS Word Edition; previous editions obsolete
Must be accompanied by SBA Form 58

Federal Recycling Program  Printed on Recycled Paper

No part of the guarantee fee is refundable if Lender has made any disbursement. Lender may collect this fee from Borrower after initial disbursement of Loan; however, when an escrow closing is used, Lender may not collect the fee until all Loan funds have been disbursed to the Borrower from the escrow account. Borrower may use Loan proceeds to reimburse Lender for the guarantee fee.

For loans with a maturity of 12 months or less, Lender must pay the guarantee fee within 10 business days from the date the SBA loan number is assigned and before signing this Authorization. No guarantee exists if Lender has not timely paid the guarantee fee in full. SBA will not refund the guarantee fee after the date of this Authorization except as provided in SOP 50 10. Payment of the guarantee fee is not contingent upon disbursement. Lender may collect this fee from Borrower upon receipt of the SBA loan number. Borrower may use loan proceeds to reimburse Lender for the guarantee fee.

For loans of $150,000 or less with a maturity of more than 12 months, Lender may retain 25% of any required guarantee fee but must remit the remainder to SBA.

3. Lender must have Borrower execute a Note containing the following repayment terms:

**Type: Revolving Line of Credit**
**Rate: Prime + 6.00%**
**Repayment: Interest only Payments**
**Term: 84 months**

4. Lender must develop and maintain evidence of a system or process to reasonably ensure that proceeds of loan were used for the following eligible business purposes:
**WORKING CAPITAL**

5. Lender must satisfy the following collateral conditions: **Unsecured**

**Personal Guarantee: CODY R SOMMER**

LENDER

By: _____  April 5, 2016
   (Authorized Signature)        (Date)

Eva Norero AVP, Loan Administration Manager
_____
(Print Name/Title)

**EXPIRES:** 1/1/17                               PAGE 3 of 3

SBA Form 1353.3 (4-93) MS Word Edition; previous editions obsolete
Must be accompanied by SBA Form 58

# Request to Honor SBA 7(a) Loan Guaranty

Date: 12/17/2021

Loan Number: ███████5004   Loan Name: DIVERSIFIED BUSINESS GROUP LLC

LaVina M. Horne  
11601 N Black Canyon Hwy.  
Phoenix, AZ 85029-3451

1(888)715-4315 x5526473  
lavina.horne@wellsfargo.com  
N/A

Enclosed you will find the required documents in support of the following:

☒ **Pre-Purchase**
Request that SBA purchase the guaranteed portion directly from our institution as this loan has not been sold in the secondary market, or our institution has purchased the sold portion from the secondary market holder and is now making request for purchase directly to SBA. *(If lender has purchased the sold portion, please make sure SBA's Fiscal Transfer Agent's records reflect a paid status prior to submitting your request for purchase to SBA)*

☐ **Secondary Market Purchase with Post Purchase Package**
Request that SBA purchase the guaranteed portion of a loan that has been sold in the secondary market, and our institution will not purchase. This request includes a complete post purchase review package.

☐ **Secondary Market Purchase**
Request that SBA purchase the guaranteed portion on a loan that has been sold in the secondary market, and our institution will not purchase. This request does not include a post purchase review package. The post purchase review package will be provided under separate cover within 15 business days of SBA's purchase of the guaranteed portion of the loan.

I, James E. Watkins, III, Loan Administration Manager, hereby certify, represent and warrant on behalf of Wells Fargo Bank that all information and documentation submitted to the U.S. Small Business Administration in connection with this purchase request and/or post purchase review package is accurate, genuine and complete and contains true copies of Wells Fargo's records for this loan. I further certify that I have personally reviewed and confirmed, based upon Wells Fargo's records, the copy of Wells Fargo's Transcript of Account with respect to this loan provided herewith and that to the best of my knowledge and belief the information contained therein is true and accurate. I also certify to the best of my knowledge and belief that Wells Fargo's has materially complied with the SBA Loan Program Requirements (as defined in 13 CFR 120.10) applicable to this loan.

By signing below, I represent and warrant that I have the proper authority to execute this document on **behalf** of Wells Fargo's

Signature: _____  Date: 12/17/2021

# ASSIGNMENT

U.S. Small Business Administration

FOR VALUE RECEIVED, in accordance with SBA Form 750 executed by

Name of Lender: __Wells Fargo Bank__

("Lender" or "Assignor"), and in accordance with Loan Program Requirements, as that term is defined in 13 C.F.R. Part 120, Lender assigns, grants, conveys and transfers to the Assignee, the U.S. Small Business Administration ("SBA"), all right, title and interest in and to SBA 7(a) Loan

Number: __█████5004__ made to Name of Borrower: __DIVERSIFIED BUSINESS GROUP LLC__

on Date: __4/5/2016__ including all Loan Documents, Loan Instruments, and any associated security instruments, mortgages or deeds of trust (the "Loan"). *See attached addendum.

Assignor authorizes the United States of America on behalf of the SBA to ask, demand, receive, collect, sue and take all lawful actions for recovery of the moneys due or to become due on this Loan, and further that the United States of America on behalf of the SBA may avail itself of its remedies under 31 U.S.C. § 3701, *et seq.*, and/or any other remedies available at law or equity for collection of the Loan and the claim or debt evidenced by the Loan.

Assignor has not done and will not do anything to hinder or prevent the United States of America on behalf of the SBA from enforcing recovery on this Loan. Assignor agrees to timely execute such other documents as are requested by SBA to effectuate recordation or as otherwise requested by SBA to assist it in collection of the Loan. In the event that after the date hereof, Assignor receives any payment or any value of any kind with respect to the Loan or obligations secured or evidenced thereby, Assignor shall hold the same in trust for Assignee and shall immediately deliver the guaranteed share to Assignee. The Assignor agrees that SBA reserves all rights and authority under 13 C.F.R. Part 120, including without limitation under 13 C.F.R. § 120.524. This Assignment shall be interpreted and construed under federal law.

The Assignor's address is:

Lender Name: __Wells Fargo Bank__
Address: __11601 N Black Canyon Hwy__
City: __Phoenix__
State: __AZ__
Zip: __85029-3451__

The Assignee address is: United States of America, Small Business Administration,
(Please mark the applicable address)

☐ National Guaranty Purchase Center (NGPC)
1145 Herndon Parkway Suite 900
Herndon, VA 20170

☐ Commercial Loan Service Center (CLSC) - AR
2120 Riverfront Drive Suite 100
Little Rock, AR 72202

☒ Commercial Loan Service Center (CLSC) - CA
801 R Street Suite 101
Fresno, CA 93721

In witness whereof, Lender, through its authorized representative and officer listed below, has executed this instrument on Date: 12/17/2021

Name of Lender: Wells Fargo Bank

BY: _____
[Signature of Authorized Representative]

Print Name/Title: James E Watkins III, Loan Administration Manager
Address: 1601 N Black Canyon Hwy
City: Phoenix
State: AZ
Zip Code: 85029-3451

Signed, sealed and delivered in the presence of:

_____
NOTARY PUBLIC

Commission Expires: 5/9/2022

Kevin Holt
Notary Public
Pinal County, Arizona
My Comm. Expires 05-09-2022
Commission No. 549130

## Addendum

☐ Lender _____ also assigns the following judgment(s) obtained on the underlying Loan ("Judgment"):

        Against: _____

        Court: _____

        Index No./Case No. _____

        Date: _____

        Amount: $ _____

☐ A portion of the underlying obligation that resulted in the Judgment was a loan that was not guaranteed by the SBA. Therefore, Lender retains the sum of $ _____ that was awarded in the Judgment.

Lender understands that certain jurisdictions may require additional actions to assign judgments, and Lender agrees to take further actions as appropriate, if requested by Assignee.


## TERMS OF THE LOAN

Use the table below to identify each change in the terms of the loan. Begin with the **Original Note** and continue by adding a new row for each change in terms. Place in chronological order. Use the + button to add an additional row.

| +/- | Event | Date of Event | Payment Required | Summary of Terms/Changes | Behind this Tab… |
|---|---|---|---|---|---|
| +/- | Event | Date of Event | Payment Required | Summary of Terms/Changes | Behind this Tab… |
| +/- | Event | Date of Event | Payment Required | Summary of Terms/Changes | Behind this Tab… |
| +/- | Event | Date of Event | Payment Required | Summary of Terms/Changes | Behind this Tab… |
| +/- | Event | Date of Event | Payment Required | Summary of Terms/Changes | Behind this Tab… |
| +/- | Event | Date of Event | Payment Required | Summary of Terms/Changes | Behind this Tab… |
| +/- | Event | Date of Event | Payment Required | Summary of Terms/Changes | Behind this Tab… |
| +/- | Event | Date of Event | Payment Required | Summary of Terms/Changes | Behind this Tab… |
|  | Original Note |  |  |  | ☐ Attach copy of Original Note. |
| +/- | Select… |  |  |  |  |

☐ For Secondary Market loans, lender must attach evidence of investor's approval of modifications as applicable.

## LOAN TRANSCRIPT SUMMARY

| | | | |
|---|---|---|---|
| Loan Maturity Date: | 11/01/2023 | $9,088.95 | Loan Balance at time of Earliest Uncured Pmt Default |
| If Accelerated - Date of Acceleration: | 10/22/2021 | $0.00 | Recoveries from Account Offset |
| Date of Uncured Payment Default: | 01/23/2021 | $0.00 | Recoveries from Agency Approved OIC |
| Interest Rate @ Earliest Uncured Pmt Default: | 9.250% | $0.00 | Total Recovery from liquidation of collateral/litigation |
| Scheduled Pmt @ Earliest Uncured Pmt Default: | $168.36 | $0.00 | Expenses of Liquidation deducted from collateral sale |
| Date to which interest is paid: | 03/23/2021 | $0.00 | Expenses of Litigation deducted from sale of collateral |
| Date of Transfer to Liquidation: | 12/10/2021 | $0.00 | Net Recoveries |
| Initial Disbursement Date: | 11/23/2016 | $9,088.95 | Current Loan Balance |
| Final Disbursement Date: | 05/01/2020 | $48.11 | Voluntary Repair |

☐ Yes ☐ No ☑ N/A  Have all available recoveries been recorded on the transcript?
☐ Yes ☐ No ☑ N/A  Have all available recoveries been applied to principal?

☑ Attach a Certified copy of the Transcript of Account behind this Tab.    CSNG #14965589

The Certified Transcript of Account is a document which accounts for the disbursement of loan proceeds and applications of payments. SBA Form 1149 is the Agency's preferred Transcript of Account Form. All transcripts of account, including the SBA Form 1149 must contain the following:

- ☑ SBA loan name and 10 Digit loan number.
- ☑ Method used for interest computation (360 day or 365). SBA calculates interest based on 365 days.
- ☑ Date and amount of each disbursement.
- ☑ Date and amount of each payment showing principal and interest applications.
- ☑ Show interest *From* and *To* dates for each payment application.
- ☑ Date interest rate changes occurred.
- ☑ Next payment date (defined as the "default date")  ▶▶Identify Default date on the Transcript of Account◀◀
- ☐ If applicable, the amount of lender's successful bid at foreclosure sale (reflected on transcript as a credit to the principal balance)
- ☐ Record of all recoveries and expenses - legal fees will be paid separately, if approved
- ☐ Indicate all deferments.  ▶▶Identify each deferment on the Transcript of Account◀◀
    a. Dates
    b. Principal and Interest or Interest only
- ☑ Note source of funds if payment was applied to principal.
- ☑ Indicate if your ending balance agrees with your 1502 report.

**Note:** For loans sold into the secondary market after January 31, 2011, SBA will only pay 120 days of interest. Any interest above 120 days paid to the investor will be billed to the lender.

## LEGAL EXPENSES AND EXPENSES FOR THE CARE AND PRESERVATION OF COLLATERAL

Please use the Care and Preservation of Collateral (CPC) Tabs, located at https://www.sba.gov/sites/default/files/files/LRSC_and_FSC_CPC_Tab_Systemv2.pdf, when submitting Recoverable Expense requests with the Purchase Package or Wrap-up Report (Charge Off Tabs). When submitting your request with this Purchase Package, please attach the CPC Tabs (or equivalent) and supporting documentation behind TAB 10.

Any cost, fee or other amount that a Lender seeks to treat as a Recoverable Expense must be reviewed and approved by SBA including expenses that the Lender has already deducted from recoveries. **Carefully document the CPC Tabs.** Only those expenses that are fully documented with paid invoices and found both reasonable and prudent will be reimbursed. All unsubstantiated expenses will be removed from the purchase.

☐ We have recoverable expenses. CPC Tabs (or equivalent) and supporting documentation will be attached behind TAB 10.

**Important Consideration**: requests for approval of Recoverable Expenses may only be submitted with the Lender's Purchase Package or with the Lender's Wrap-up Report (Charge Off Tabs). **Please read SBA Informational Notice 5000-1311 for guidance on when lenders may submit requests for approval of Recoverable Expenses.**

**Important Consideration**: Lenders must obtain SBA's prior approval of a litigation plan and budget before proceeding with non-routine litigation, which includes anticipated legal fees of $10,000.00 or more. See SOP 50 57 Ch.21, C.

## U.S. Small Business Administration
### Lender's Transcript of Account

| Name of Borrower | Wells Fargo Bank Account #: | 10-18 |
|---|---|---|
| DIVERSIFIED BUSINESS GROUP LLC | FA$TRAK Account #: | 5004 |
| Name of Lender | Principal Balance of Line of Credit | Int. Day Basis (See note under repayment terms below.) |
| Wells Fargo Bank, N.A. | $9,088.95 | |

**Repayment Terms as Stated in the Note**
Revolving line of credit at prime + 6.00%, interest + 1.00% principal payments; term is 84 months

| Date | Amount Disbursed | Type | Amount Repaid | Application of Payment Princ + Fees | Interest | Interest Rate | Interest Paid From | To | Balance |
|---|---|---|---|---|---|---|---|---|---|
| 12/28/2018 | $9,870.94 | BAL THIS DATE | | | $0.00 | 11.50% | | | $9,870.94 |
| | | Payment | $9,870.94 | $9,777.57 | $93.37 | | 11/29/2018 | 12/28/2018 | $0.00 |
| | $1,000.00 | Advance | | | $0.00 | | | | $1,000.00 |
| | $8,999.00 | Overdraft to DDA | | | $0.00 | | | | $9,999.00 |
| 1/29/2019 | $91.66 | Finance Charge | | | $0.00 | | | | $10,090.66 |
| | | Payment | $500.00 | $408.34 | $91.66 | | 12/29/2018 | 1/29/2019 | $9,590.66 |
| | $13.09 | Purchase | | | $0.00 | | | | $9,603.75 |
| 2/26/2019 | $87.67 | Finance Charge | | | $0.00 | | | | $9,691.42 |
| | $13.09 | Purchase | | | $0.00 | | | | $9,704.51 |
| | $283.51 | OD to DDA | | | $0.00 | | | | $9,988.02 |
| | $20.00 | OD fee | | | $0.00 | | | | $10,008.02 |
| | $50.00 | Late Charge | | | $0.00 | | | | $10,058.02 |
| 3/29/2019 | $96.02 | Finance Charge | | | $0.00 | | | | $10,154.04 |
| | | Payment | $453.00 | $269.31 | $183.69 | | 1/30/2019 | 3/29/2019 | $9,701.04 |
| | $13.09 | Purchase | | | $0.00 | | | | $9,714.13 |
| 4/28/2019 | $92.56 | Finance Charge | | | $0.00 | | | | $9,806.69 |
| | $85.89 | OD to DDA | | | $0.00 | | | | $9,892.58 |
| | $20.00 | OD Fee | | | $0.00 | | | | $9,912.58 |
| | $50.00 | Late Charge | | | $0.00 | | | | $9,962.58 |
| 5/29/2019 | $96.27 | Finance Charge | | | $0.00 | | | | $10,058.85 |
| | | Payment | $458.00 | $269.17 | $188.83 | | 3/30/2019 | 5/29/2019 | $9,600.85 |
| 6/28/2019 | $92.74 | Finance Charge | | | $0.00 | | | | $9,693.59 |
| | $50.00 | Late Charge | | | $0.00 | | | | $9,743.59 |
| 7/29/2019 | $95.10 | Finance Charge | | | $0.00 | | | | $9,838.69 |
| | | Payment | $434.00 | $246.16 | $187.84 | | 5/30/2019 | 7/29/2019 | $9,404.69 |
| | $555.29 | OD to DDA | | | $0.00 | | | | $9,959.98 |
| | $40.00 | OD fee | | | $0.00 | | | | $9,999.98 |
| 8/29/2019 | $96.20 | Finance Charge | | | $0.00 | | | | $10,096.18 |
| | $48.11 | OD to DDA | | | $0.00 | | | | $10,144.29 |
| | $12.50 | OD Fee | | | $0.00 | | | | $10,156.79 |
| | | Payment | $238.00 | $141.80 | $96.20 | | 7/30/2019 | 8/29/2019 | $9,918.79 |
| | $74.90 | OD to DDA | | | $0.00 | | | | $9,993.69 |
| | $20.00 | OD fee | | | $0.00 | | | | $10,013.69 |
| | | Payment | $200.00 | $200.00 | | | | | $9,813.69 |
| 9/27/2019 | $89.57 | Finance Charge | | | $0.00 | 11.25% | | | $9,903.26 |
| | | Payment | $500.00 | $410.43 | $89.57 | | 8/30/2019 | 9/27/2019 | $9,403.26 |
| | $50.00 | Late Charge | | | $0.00 | | | | $9,453.26 |
| | $53.94 | OD to DDA | | | $0.00 | | | | $9,507.20 |
| | $20.00 | OD Fee | | | $0.00 | | | | $9,527.20 |
| 10/29/2019 | $95.30 | Finance Charge | | | $0.00 | 11.00% | | | $9,622.50 |
| | $313.07 | OD to DDA | | | $0.00 | | | | $9,935.57 |

## U.S. Small Business Administration
## Lender's Transcript of Account

| Name of Borrower | | | | | Wells Fargo Bank Account #: | | 10-18 | |
|---|---|---|---|---|---|---|---|---|
| DIVERSIFIED BUSINESS GROUP LLC | | | | | FA$TRAK Account #: | | 6004 | |
| Name of Lender | | | | | Principal Balance of Line of Credit | | Int. Day Basis (See note under repayment terms below.) | |
| Wells Fargo Bank, N.A. | | | | | $9,088.95 | | | |

| Date | Amount Disbursed | Type | Amount Repaid | Application of Payment Princ + Fees | Interest | Interest Rate | Interest Paid From | To | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | $12.50 | OD fee | | $0.00 | | | | | $9,948.07 |
| | $50.00 | Late Charge | | $0.00 | | | | | $9,998.07 |
| 11/28/2019 | $87.78 | Finance Charge | | $0.00 | | | | | $10,085.85 |
| | | Payment | $10,000.00 | $9,816.92 | $183.08 | | 9/28/2019 | 11/28/2019 | $85.85 |
| 12/29/2019 | $8.61 | Finance Charge | | $0.00 | | 10.75% | | | $94.46 |
| | $25.00 | Late Charge | | $0.00 | | | | | $119.46 |
| 1/29/2020 | $0.86 | Finance Charge | | $0.00 | | | | | $120.32 |
| | | Payment | $120.32 | $110.85 | $9.47 | | 11/29/2019 | 1/29/2020 | $0.00 |
| 2/27/2020 | $0.00 | Finance Charge | | $0.00 | | | | | $0.00 |
| | $10,000.00 | Advance | | $0.00 | | | | | $10,000.00 |
| 3/29/2020 | $39.22 | Finance Charge | | $0.00 | | 9.25% | | | $10,039.22 |
| 4/28/2020 | $76.60 | Finance Charge | | $0.00 | | | | | $10,115.82 |
| | | Payment | $140.00 | $100.78 | $39.22 | | 3/1/2020 | 3/29/2020 | $9,975.82 |
| | | Credit | $0.21 | $0.21 | | | | | $9,975.61 |
| 5/1/2020 | $23.00 | OD to DDA | | $0.00 | | | | | $9,998.61 |
| | | Payment | $178.00 | $101.40 | $76.60 | | 3/30/2020 | 4/28/2020 | $9,820.61 |
| 5/29/2020 | $78.51 | Finance Charge | | $0.00 | | | | | $9,899.12 |
| | | Payment | $178.00 | $99.49 | $78.51 | | 4/29/2020 | 5/29/2020 | $9,721.12 |
| 6/28/2020 | $75.12 | Finance Charge | | $0.00 | | | | | $9,796.24 |
| | | Payment | $174.00 | $98.88 | $75.12 | | 5/30/2020 | 6/28/2020 | $9,622.24 |
| 7/29/2020 | $76.94 | Finance Charge | | $0.00 | | | | | $9,699.18 |
| | | Payment | $174.00 | $97.06 | $76.94 | | 6/29/2020 | 7/29/2020 | $9,525.18 |
| 8/28/2020 | $73.74 | Finance Charge | | $0.00 | | | | | $9,598.92 |
| | | Payment | $170.00 | $96.26 | $73.74 | | 7/30/2020 | 8/28/2020 | $9,428.92 |
| | $219.84 | Interest | | $0.00 | | | | | $9,648.76 |
| | | Payment | $343.00 | $123.16 | $219.84 | | | | $9,305.76 |
| | $219.83 | Interest | | $0.00 | | | | | $9,525.59 |
| | | Payment | $336.71 | $116.88 | $219.83 | | | | $9,188.88 |
| 3/23/2021 | $66.03 | Interest | | $0.00 | | | | | $9,254.91 |
| | | Payment | $165.96 | $99.93 | $66.03 | | 8/29/2020 | 3/23/2021 | $9,088.95 |
| | | | | $0.00 | | | | | $9,088.95 |
| | | | | $0.00 | | | | | $9,088.95 |
| | | | | $0.00 | | | | | $9,088.95 |
| | | | | $0.00 | | | | | $9,088.95 |
| | | | | $0.00 | | | | | $9,088.95 |
| | | | | $0.00 | | | | | $9,088.95 |
| | | | | $0.00 | | | | | $9,088.95 |
| | | | $48.11 | Deduct overlimit unpaid finance charges & fees | | | | | $9,040.84 |
| | | | 50.00% | Of Remaining Principal Balance | | | | | $4,520.42 |

I, James E Watkins III, Loan Administration Manager, certify this to be a True Copy of Transcript of Account

Date: 12/17/2021

Signature of

3

# EXHIBIT B

# Business Direct Credit Application
# Agreement & Personal Guarantee

**WELLS FARGO**

CSNG #14965589

This Section Intended For Bank Use Only

| | | | |
|---|---|---|---|
| Banker Name: DAVELL JAMES | | Officer/Portfolio Number: CC028 | Date: 02/26/2016 |
| Banker Phone: 702/464-3138 | Store Number: 24707 | Banker AU: 0001947 | Banker MAC: S4707-011 |

## Business/Application Information

Business Name: DIVERSIFIED BUSINESS GROUP LLC

Application ID: ████████8843

Credit Application for: Wells Fargo Business Lines of Credit

Amount Requested: $50,000

## Acknowledgment & Customer Signature:

By signing below, I certify that I am an owner, partner, member, shareholder, director, and/or officer of the business named above ("Applicant"), I am authorized to submit this application on behalf of the "Applicant" and that all information and documents provided in connection with this application, including federal and state income tax returns (if any), are true, correct and complete. I further certify that this credit request is for my business only, and that all proceeds will be used solely for business or commercial purposes. I authorize Wells Fargo Bank, N.A. ("Bank") to obtain balance and payoff information and requires verification of payoff on all accounts requiring payoff as a condition of approving this application and to obtain at any time consumer and business reports from and to report credit information to others, including the Internal Revenue Service and state taxing authorities, about me and my business, both in connection with this application as well as any review, extension or renewal of the credit granted pursuant to this application. I also authorize Bank to use such information and to share with its affiliates in order to determine whether the business is qualified for other products and services offered by Bank and its affiliates. I agree to notify Bank promptly of any material change in such information. I acknowledge that (i) this application is subject to final approval of the Applicant and its owners, and that (ii) additional information (e.g., financial statements, tax returns and /or IRS Form 4506-T Request For Transcript of Tax Return) may be required in order for Bank to make a final credit decision. A facsimile of my signature, in any capacity, may be used as evidence of the Applicant's acceptance of these agreements. Note: Except in Arizona, if the business owner is married, a spouse's signature is not required unless he or she is the co-owner of the business. **If the Applicant is a legal entity, all owners listed on this application are asked to sign below and include their titles.**

**NON-PROFIT NOTICE AND DISCLAIMER:** Not-for-profit organizations are not eligible for the Secured BusinessLine line of credit. If the applicant is a not-for-profit organization recognized by and in good standing with the Internal Revenue Service, the personal guaranty of the signer is not required, and the personal guaranty paragraph below shall have no force or effect.

**For Wells Fargo BusinessLine, Wells Fargo Secured BusinessLine, Wells Fargo Equipment Express, Wells Fargo Business Platinum card, Wells Fargo Business Secured card, Wells Fargo Small Business Advantage Line of Credit and Wells Fargo BusinessLoan applicants:** By signing below, I agree on behalf of the Applicant to be bound by the terms of the Customer Agreement, Wells Fargo Business Lending Confirmation Letter (where applicable) and other written documentation that will be sent to Applicant and to pay Bank's costs and attorneys' fees in enforcing the Customer Agreement and other written documentation. I further agree that use of any feature of the *BusinessLine* line of credit, *Equipment Express* loan, *Wells Fargo* Business Platinum card, Wells Fargo Business Secured card, *Wells Fargo Small Business Advantage* line of credit or *Wells Fargo BusinessLoan* term loan may be used as evidence of the foregoing authorizations, acceptances, and agreements. For the *Equipment Express* loan, interest charges will start from the date we issue the check to fund the loan(s). For unsecured *Wells Fargo* Business Platinum card, Wells Fargo BusinessLine, Wells Fargo Equipment Express, Wells Fargo Small Business Advantage Line of Credit and Wells Fargo BusinessLoan, if approved, I agree to accept the actual credit amount granted which may be less than the preferred amount. If the actual credit granted is less than the preferred amount, individual credit lines will be reduced proportionately. For the *Wells Fargo Secured BusinessLine* and Wells Fargo Business Secured card, I acknowledge that it will be a condition for granting the credit facility that it be secured by an eligible CD/Savings account (Wells Fargo Secured BusinessLine) or deposit account (Wells Fargo Business Secured Card) maintained with Bank in an amount equal to or greater than the actual credit granted. For the Wells Fargo BusinessLoan term loan, on behalf of the Applicant I authorize Wells Fargo to distribute the loan proceeds either one of the following ways: (1) electronically by deposit into a credit or deposit account that I designate; or (2) by cashier's check sent to the address listed in this application. I further acknowledge on behalf of Applicant that interest charges will start from the date I acknowledge by signature or verbal agreement the specific terms of my Wells Fargo BusinessLoan term loan and that I will be responsible for repayment of funds distributed in either manner.

By signing below, I also, **in my individual capacity** (even though I may place a title or other designation next to my signature), jointly and severally unconditionally guarantee and promise to pay to Bank all indebtedness of the Applicant at any time arising under or relating to any credit requested through this application, as well as any extensions, increases or renewals of that indebtedness. As guarantor, I waive (i) any requirement that Bank (A) proceed against Applicant or any other person; (B) marshal assets or proceed against or exhaust any security held from any Applicant or any other person; (C) give notice of the terms, time and place of any public or private sale or other disposition of personal property security held from any of the Applicants or any other person; (D) take any other action or pursue any other remedy in Bank's power; or (E) make any presentment, demand, protest, notice of protest, and notice of non-payment hereunder or in connection with any obligations or evidences of indebtedness held by Bank as security for or which constitute in whole or in part the indebtedness guaranteed hereunder; (ii) any defense arising by reason of any defense of the Applicant or other guarantor; and (iii) the right to require Bank to proceed against the Applicant or any other guarantor, to pursue any remedy in connection with the guaranteed indebtedness, or to notify guarantor of any additional indebtedness incurred by the Applicant, or of any changes in the Applicant's financial condition. I also authorize Bank, without notice or prior consent, to (i) extend, modify, compromise, accelerate, renew, increase or otherwise change the terms of the guaranteed indebtedness; (ii) proceed against one or more guarantors without proceeding against the Applicant or another guarantor; and (iii) release or substitute any party to the indebtedness or this guaranty; and (iv) take and hold security for the payment of this Guaranty or the indebtedness of Applicant or any portion thereof, and exchange, enforce, waive, subordinate or release any such security; (c) apply such security and direct the order or manner of sale thereof, including without limitation, a non-judicial sale permitted by the terms of the controlling security agreement, as Bank in its discretion may determine, and Guarantor hereby waives any provision of law regarding application of payments which specifies otherwise. I agree (i) I will pay Bank's costs and attorneys' fees in enforcing this guaranty (ii) this guaranty will be governed by South Dakota law; and (iii) this guaranty shall benefit Bank and its successors and assigns; and (iv) an electronic facsimile of my signature, in any capacity, may be used as evidence of my agreement to the terms of this guaranty.

**Optional Credit Protection Program:** This program will cancel debt on your *BusinessLine* and/or *Secured BusinessLine* if you are unable to work due to a major event as described

**Manual Submission Instructions:**
Fax all pages of the signed form to Business Direct at 1-877-531-8803.

*Scanner Enabled Stores* should scan

2W02-000805971394-01

BBG5370 (2-16 SVP)

Wells Fargo Confidential

**Acknowledgment & Customer Signature (Continued):**

In the Terms and Conditions for the Credit Protection program that will be provided to you. The debt cancellation will be a fixed benefit payment equal to 5% of the balance plus the Credit Protection service fee on the statement immediately following the covered event, for a period of 1 to 12 months. It is not a waiver of any amounts due on your credit account(s). You agree to pay the monthly Credit Protection fees ($0.35/$100 of ending monthly statement balance) as charged based on the ending monthly statement balance for the Primary Account and all Linked accounts. If Credit Protection fees are not paid each month, fees will become part of the account balance and interest will accrue. In order to be eligible for debt cancellation, you must have met the eligibility requirements and be enrolled before the benefit amount is requested and approved. Once you have enrolled, you will receive a complete Terms and Conditions for the Credit Protection Program. Please read it and keep for future reference.

**Telephone Monitoring And Contacting You:** From time to time Bank may monitor and record telephone calls regarding your Account to assure the quality of our service. You agree, in order for Bank to service the Account or to collect any amounts you may owe, that we may from time to time make calls and send text messages to you, using prerecorded/artificial voice messages and/or through the use of an automatic dialing device, at any telephone number associated with your account, including mobile telephone numbers that could result in charges to you. You also expressly consent to Bank sending email messages regarding your Account to your email address.

**New Account Identification Requirements:** To help the government fight the funding of terrorism and money laundering activities, U.S. Federal law requires financial institutions to obtain, verify, and record information that identifies each person (individuals and businesses) who opens an account. What this means for you: When you open an account, we will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

Owner/Guarantor/Signer 1 Name: CODY R SOMMER
Position/Title: Owner
Customer Number (ECN): ███████3709

Owner/Guarantor/Signer 1 Signature: CODY R SOMMER
☐ Submit manually
☐ Signature not required
Date: 02/26/2016

**Manual Submission Instructions:**
Fax all pages of the signed form to Business Direct at 1-877-531-8803.
*Scanner Enabled Stores* should scan

BBC5370 (2-16 SVP)



2W02-000805971394-02

# EXHIBIT C



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
U.S. SMALL BUSINESS ADMINISTRATION
CHIEF INFORMATION OFFICER
<u>CERTIFICATE OF INDEBTEDNESS</u>

Cody Sommer
114 Goodleigh Ln
Mooresville, NC 28115
**SSN:XXX-XX-7556**

**TRFM14965589**

I hereby certify, as part of my duties with the U.S. Department of the Treasury, Bureau of the Fiscal Service, Disbursement and Debt Management (Treasury), including referring matters to the U.S. Department of Justice (DOJ) for litigation, I am a custodian of records of certain files sent by the U.S. Small Business Administration (SBA) to Treasury for collection actions. As a custodian of records for Treasury, I have care and custody of records relating to the debt owed by Cody Sommer (DEBTOR) to SBA.

The information contained in this Certificate of Indebtedness is based on documents created by an employee or contractor of SBA based on his/her knowledge at or near the time the events were recorded, or by an employee or contractor of Treasury based on his/her knowledge at or near the time the events were recorded. Treasury's regular business practice is to receive, store and rely on the documents provided by SBA, when debts are referred to Treasury for collection activities, including litigation. Further, I certify that I am familiar with Treasury's record keeping practice, including the receipt of files from SBA.

On February 26, 2016, the DEBTOR executed a line of credit agreement and personal guarantee for an SBA Express/Export Express Loan in the amount of $10,000.00, with interest accruing at variable rates, except as otherwise provided within the Note with Wells Fargo Bank, N.A. (LENDER).

The DEBTOR became delinquent on the obligation on January 23, 2021, with a balance due of $9,040.84. Due to the delinquency, the SBA became holder of the Note. SBA referred the debt to Treasury for collection on June 22, 2022.

On October 17, 2025, Treasury referred the debt to DOJ for litigation and collection with a principal amount due of $9,040.84 & daily interest of $2.04. As of November 4, 2025, the DEBTOR is indebted to the United States in the amounts stated as follows:

|  |  |
|---|---|
| Principal: | $ 9,040.84 |
| Interest(@8.25%): | $ 2,854.74 |
| Admin Fees: | $ 3,801.68 |
| **Total:** | **$15,697.26** |

1



U.S. DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
U.S. SMALL BUSINESS ADMINISTRATION
CHIEF INFORMATION OFFICER
<u>CERTIFICATE OF INDEBTEDNESS</u>

The balance stated in the debt listed above are current as of November 4, 2025 including any applicable interest, penalties, administrative fees, and Treasury & DOJ fees (pursuant to 31 U.S.C. 3717(e) and 3711(g)(6), (7); 31 C.F.R. 285.12(j) and 31 C.F.R. 901.1(f); and 28 U.S.C. 527, note).

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based upon information provided by SBA and information contained in Treasury's records.

11/4/2025

X *Ashleigh Edmonds* (signature)

Signed by: Bureau of the Fiscal Service

Ashleigh Edmonds
Financial Program Specialist
U.S. Department of the Treasury
Bureau of the Fiscal Service
Date: November 4, 2025

2